**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and VIRGIN RECORDS AMERICA, INC., a California corporation, | ) | Civil No. CA06-124ML |
| | ) | Judge Mary M. Lisi |
| Plaintiffs, | ) | |
| v. | ) | |
| JOANNE KEOVONGSAVANG, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND ALL DEADLINES 60 DAYS**

Plaintiffs Sony BMG Music Entertainment, Capitol Records, Inc., Arista Records LLC, and Virgin Records America, Inc. (collectively, "Plaintiffs") respectfully request this Court extend all deadlines in this case 60 days. In support thereof, Plaintiffs state the following:

1. Plaintiffs filed the instant action on March 17, 2006, which Defendant answered on April 10, 2006.

2. On June 9, 2006, the parties began settlement discussions. At that time, the parties agreed that the best course of action would be to have the Defendant complete the Voluntary Hardship Process. The Voluntary Hardship Process is a program developed by Plaintiffs under which Plaintiffs will consider the financial circumstances of a defendant to determine whether the defendant's financial situation warrants a settlement different than Plaintiffs' original demand. As part of the Voluntary Hardship Process, a defendant voluntarily submits a series of financial documents to Plaintiffs for evaluation. If the circumstances warrant, Plaintiffs may

voluntarily reduce their settlement demand as to that individual. Plaintiffs do not actively proceed with litigation against a defendant who is participating in the Voluntary Hardship Process.

3. On June 9, 2006, Plaintiffs sent an email to Defendant regarding the process and requesting financial documentation.

4. A pre-trial conference was held on June 28, 2006. On July 5, 2006, this Court issued its Scheduling Order. The discovery deadline is September 29, 2006.

5. On July 21, 2006, Plaintiffs sent Defendant an email following up on the requested hardship documents.

6. On or about July 31, 2006, Plaintiffs served Defendant Plaintiffs' First Set of Interrogatories, Plaintiffs' Request for Production of Documents, and Plaintiffs' Requests for Admission.

7. On September 8, 2006, Plaintiffs sent Defendant's counsel an email notifying him of the late discovery requests and warning of a potential motion to compel.

8. On September 12, 2006, Plaintiffs spoke to a fellow attorney of Defendant's counsel who explained that Defendant's counsel was unavailable due to health issues and would need additional time to respond.

9. On September 28, 2006, Defendant's counsel called Plaintiffs and explained the situation. Due to significant health problems associated with a serious car accident approximately one year ago, Defendant's counsel has been relatively unavailable for the past several months. The parties then discussed settlement. Defendant's counsel stated that he would speak to his client and attempt to resolve the case. Plaintiffs agreed to extend Defendant's deadline to answer

Plaintiffs' discovery (no specific date was agreed to) and the parties agreed to ask the Court to extend all deadlines in this case for 60 days.

10. Pursuant to Fed. R. Civ. P. 16(b), the Court may modify the discovery order upon a showing of good cause. Plaintiffs respectfully submit that good cause exists in this case. The parties have been attempting to reach a resolution in this case since before the scheduling conference in late June. Unfortunately, due to circumstances beyond anyone's control, Defendant's counsel has been unavailable. Plaintiffs delayed serving discovery due to the parties' agreement to pursue a voluntary hardship settlement. It was not until September 28, 2006 that the parties actually spoke regarding the case and Plaintiffs learned the reasons behind Defendant's apparent non-responsiveness.

11. The parties continue to work towards resolution, but request additional time to pursue discovery should settlement prove elusive.

12. Plaintiffs have spoken with defendant's counsel regarding the filing of this motion. Defendant's counsel has not reviewed the actual motion, but has orally approved a 60-day extension of all deadlines in this case.

13. A proposed order with new dates is attached for the convenience of the Court.

WHEREFORE, Plaintiffs respectfully request this Court extend all deadlines in this case by 60 days.

Respectfully submitted,

Dated: September 29, 2006

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _29th___ day of _September_ 2006, a copy of the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO EXTEND ALL DEADLINES 60 DAYS** was served upon the Defendant via email and United States Mail as follows:

RICHARD JAMES
23 Acorn Street
Riverside, RI 02915
*richardj@mckennalaw.cc*

*Attorney for Defendant*

/s/ James E. O'Neil
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852