**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and VIRGIN RECORDS AMERICA, INC., a California corporation,

Plaintiffs,

v.

JOANNE KEOVONGSAVANG,

Defendant.

Civil No. CA06-124ML

Judge Mary M. Lisi

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND TO EXTEND ALL DEADLINES 60 DAYS**

Plaintiffs Sony BMG Music Entertainment, *et al.* ("Plaintiffs"), by and through their undersigned counsel, respectfully move this Court to compel defendant Joanne Keovongsavang ("Defendant") to provide complete responses to Plaintiffs' interrogatories, and requests for production of documents, and for an order deeming admitted Plaintiffs' request for admissions. Plaintiffs further request a 60-day extension of all deadlines to allow Plaintiffs time to obtain written discovery responses and, based on those responses, take depositions of the appropriate people before the dispositive motion deadline. In support of this motion, Plaintiffs state as follows:

## INTRODUCTION

Defendant filed her Answer in April 2006. Plaintiffs served written discovery on Defendant soon thereafter, in July 2006. To date, Defendant has never responded to discovery, despite repeated requests to do so. In the interim, Plaintiffs have been attempting to work with

Defendant to resolve the dispute with the least amount of costs to the Defendant. Plaintiffs have done so mindful of Defendant's financial situation and the medical situation of Defendant's counsel. Unfortunately, this led not to inexpensive resolution but to delay. For example, it took approximately six months for Defendant to provide Plaintiffs with documentation to support a potential reduced settlement offer, after Defendant volunteered to produce such documents. Once Plaintiffs finally received the documents, Plaintiffs quickly evaluated the documents and made Defendant a reduced settlement offer. Defendant rejected that offer and, after stating that she would make a counter, thus far has not done so. Over the past few weeks, Plaintiffs have attempted to contact Defendant's counsel via telephone and email. On February 27, 2007, Defendant's counsel finally contacted Plaintiffs. During that conversation, counsel explained that he has been having difficulty communicating with his client and, as a result, plans to file a motion to withdraw shortly. He further stated that because he had been unable to reach his client, she would not be attending the deposition scheduled for February 28, 2007.

To date, Defendant has never responded to Plaintiffs' Requests for Production of Documents, First Set of Interrogatories or First Set of Requests for Admission that were propounded in late July, 2006. As a result, Plaintiffs now move to compel Defendant to respond to Plaintiffs' Interrogatories and Requests for Production and cooperate with Plaintiffs' counsel in setting depositions in this case. Finally, Plaintiffs request that their Requests for Admission be deemed admitted under Rule 36.

## STATEMENT OF FACTS

1. Plaintiffs filed a Complaint on March 17, 2006 against Defendant seeking damages and injunctive relief under the Copyright Act. (Complaint, Doc. No. 1.)

2. Defendant answered on April 10, 2006. (Answer, Doc. No. 4.)

3. On June 9, 2006, the parties began settlement negotiations. As part of those negotiations, without admitting or denying liability, Defendant agreed to submit a series of financial documents to Plaintiffs to support a potentially reduced settlement demand.

4. On July 31, 2006, with no financial documents forthcoming from Defendant, Plaintiffs served Defendant with Plaintiffs' First Set of Interrogatories, First Requests for Production, and First Requests for Admission, via first class U.S. mail. (See Plaintiffs' Discovery, attached as **Exhibit A**.)

5. Defendant's responses to Plaintiffs' first discovery requests were due on or about September 4, 2006. To date, Plaintiffs have received no responses.

6. On September 8, 2006, Plaintiffs e-mailed Defendant's attorney regarding the overdue discovery responses. On September 20, 2006, Defendant's attorney responded and explained that due to a serious medical condition, he had been unable to respond but that he would "get on this ASAP." A copy of this e-mail exchange is attached as **Exhibit B**. On September 29, 2006, Plaintiffs' filed a stipulated motion to extend all deadlines 60 days, due to ongoing settlement discussions, and Defendant's counsel's serious medical condition resulting from an automobile accident. The Court granted this extension on October 9, 2007.

7. In October and early November, 2006, Plaintiffs' counsel attempted three separate times to contact Defendant's counsel, without success. On November 8, 2006, another attorney for Defendant, Dawn Vigue, contacted Plaintiffs' national counsel, Jeffrey Blair, and explained that Defendant's counsel was continuing to experience health problems. On November 28, 2006, Defendant finally submitted a series of financial documents to Plaintiffs as agreed in June, 2006. That same day, the Parties again agreed to stipulate to a second motion to extend all deadlines for 90 days. (Doc. No. 8.) The court granted the motion on November 20, 2006. (Text Order.)

8. On December 20, 2007, Plaintiffs made a reduced settlement demand. Defendant rejected that demand and have not yet made a counter-offer.

9. Since then, Plaintiffs have attempted to contact Defendant's counsel several times to discuss the case, to obtain discovery responses, and to attempt to schedule a deposition.

10. On February 27, 2007, Defendant finally responded to Plaintiffs' inquiries. During that conversation, Defendant's counsel stated that he was having difficulty communicating with his client and would likely be filing a motion to withdraw as attorney as a result. He further stated because he had not been in touch with his client, that she would not be attending the deposition that Plaintiffs had scheduled for February 28, 2007.

## ARGUMENT AND AUTHORITIES

### 1. Defendant's Failure To Respond At All To The Interrogatories And The Requests For Production Of Documents Warrants Entry Of An Order Compelling Answers And The Production Of Documents Without Objection.

A court may compel discovery responses when "a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested. . . ." FED. R. CIV. P. 37(a)(2)(B). As noted above, Defendant has failed to respond to Plaintiffs' First Set of Interrogatories or Plaintiffs' First Set of Requests for Production of Documents. To date, she has served no responses whatsoever and has produced no documents to Plaintiffs. Defendant should therefore be compelled to respond and be deemed to have waived any potential objections to the interrogatories. See id.; FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . ."); Cahela v. James D. Bernard, D.O., P.C., 155 F.R.D. 221, 227 (N.D. Ga. 1994) (citing cases for the rule that, where "the party to whom the interrogatories were propounded completely failed to respond or object to such interrogatories within the time allowed to answer," the right to object is waived); Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 661-62 (D. Colo.

2000) (finding waiver where responding party purported to respond to interrogatories or requests for production of documents well out of time and without any attempt to show good cause for delay).

Similarly, Defendant has also waived any potential objections to the requests for production of documents. See In re RDM Sports Group, Inc., 227 B.R. 415, 423 (N.D. Ga. 2002) (citing authority for the rule that a failure to respond to document requests results in waiver of all objections unless production would violate federal law); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.")

As a result, Defendant must now answer all of the interrogatories and produce all responsive documents without regard to objection or privilege. See Doggett v. Perez, 2004 WL 2939600, at *6 (E.D. Wash. 2004) ("Having not registered any objections to the requests for production, nor sought any type of protective order, and having waived any privilege they might assert, plaintiffs are obliged to produce all of the documents requested . . . ."); Maloney v. Universalcom, Inc., 2001 WL 33024, at *2 (compelling complete answers to interrogatories and the production of all requested documents and finding all objections waived).

Plaintiffs therefore ask the Court to order Defendant to submit answers to the interrogatories and to produce all responsive documents without objection or resort to privilege.

2. **<u>Defendant's Failure To Respond At All To The Requests For Admission Conclusively Establishes These Facts As Admitted And Warrants An Order Deeming Admitted All Of Plaintiffs' Requests For Admission</u>.**

Rule 36(a) states conclusively, "The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ." FED. R. CIV. P. 36(a). As the First Circuit stated:

> [I]f a party fails timely to answer a request for admissions, the requested items are deemed admitted. Any matter thus admitted under the Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. And courts have not hesitated in appropriate cases to apply the sanction of Rule 36 to material facts that conclusively establish or preclude a party's claim.

Brook Village North Associates v. General Electric Co., 686 F.2d 66, 70 (1st Cir. 1982); <u>See also</u>, <u>Carney v. IRS (In re Carney)</u>, 258 F.3d 415, 418 (5th Cir. 2001) (affirming a summary judgment based on admissions deemed because of a failure to timely respond). Here, Defendant failed to answer or object to Plaintiffs' Requests for Admissions, which were served over 200 days ago. Because of this failure, the Court should enter an Order finding that Plaintiffs' requested admissions are deemed admitted against Defendant. <u>See</u> <u>Western Horizontal Drilling v. Jonnet Energy Corp.</u>, 11 F.3d 65, 66 (5th Cir. 1994) (upholding a finding that because the defendant never responded, plaintiffs' requests for admission were deemed admitted pursuant to the federal rules).

3. **<u>Extending All Deadlines In This Case Will Allow Defendant Time to Respond to Plaintiffs' Interrogatories and Requests for Production And Avoid Punishing Plaintiffs For Defendant's Delay</u>.**

Pursuant to Fed. R. Civ. P. 16(b), the Court may modify the discovery order upon a showing of good cause. Plaintiffs respectfully submit that good cause exists in this case. Plaintiffs have been attempting in good faith to reach a resolution in this case since before the

scheduling conference in late June. Plaintiffs are aware of the unique situations of both Defendant and her counsel and have been trying to provide them with the flexibility they need. Unfortunately, this has not lead to settlement and Plaintiffs have been unable to contact Defendant, through her counsel, to discuss the case or obtain discovery responses. Therefore, Plaintiffs request an additional 60 days to allow Defendant to respond to Plaintiffs' discovery and to take the depositions of the appropriate people.

No trial date has been set in this case and this extension will not cause prejudice to any party. However, if this extension is not granted, Plaintiffs will be prejudiced by Defendant's delay and failure to cooperate.

## CONCLUSION

Even after Plaintiffs' failed attempts to accommodate Defendant and provide additional time to submit responses to discovery, Defendant refused to comply with her discovery obligations. She has produced no responses to Plaintiffs' interrogatories or requests for admission; nor has she produced any documents to Plaintiffs. Plaintiffs therefore ask this Court to enter an Order compelling Defendant to provide answers to the interrogatories and document requests within ten days and deeming admitted all matters set forth in Plaintiffs' Requests for Admissions. Plaintiffs' further ask for a 60-day extension of time of all deadlines, including the discovery and dispositive motion deadline.

Respectfully submitted this 28th day of February, 2007,

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of February, 2007, a true and correct copy of Plaintiffs' Motion to Compel Discovery and Extend All Deadlines 60 Days, was sent to Defendant's counsel of records via U.S. Mail, postage pre-paid to the following address:

Richard H. James (RI Bar # 4874)
Kevin A. McKenna Law, P.C.
23 Acorn Street
Providence, RI 02915

/s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs