**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and VIRGIN RECORDS AMERICA, INC., a California corporation, Plaintiffs, v. JOANNE KEOVONGSAVANG, Defendant. | Civil No. CA06-124ML<br>Judge Mary M. Lisi |

**FIRST SET OF INTERROGATORIES**

TO: Defendant, Joanne Keovongsavang, through defendant's counsel of record:
RICHARD JAMES
23 Acorn Street
Providence, RI 02915

Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiffs hereby request that Defendant Joanne Keovongsavang ("Defendant") provide responses to these interrogatories within thirty (30) days of service.

**DEFINITIONS AND INSTRUCTIONS**

A. "YOU" or "YOUR" shall mean and refer to defendant Joanne Keovongsavang, or anyone acting under his direction.

B. "COMPUTER" means all computers and computer components located within YOUR place of residence or otherwise within YOUR possession, custody, or control that had access to the Internet at any time during the preceding three years through YOUR account with .

C. "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

D. "PLAINTIFFS' RECORDINGS" means the SOUND RECORDINGS listed in Exhibit A attached to the Complaint in this action.

E. "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, eDonkey, and Gnutella that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

F. "PERSON(S)" means any natural person and any business, legal, or governmental entity or association.

G. "IDENTIFY" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, their age, their relationship to YOU and their present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

H. "STATE THE BASIS" means to:

1. IDENTIFY each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of YOUR information regarding the alleged facts or legal conclusions referred to by the interrogatory;

2. IDENTIFY each and every communication which forms any part of the source of YOUR information regarding the alleged facts or legal conclusions referred to by the interrogatory;

3. State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the person involved) which form any part of YOUR information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

4. State separately any other fact which forms the basis of YOUR information regarding the alleged facts or legal conclusions referred to in the interrogatory.

I. "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on the hard drive of YOUR COMPUTER in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM, including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

J. These interrogatories call for all information (including any information contained in or on any document, electronic, or hard-copy) that is known or available to YOU, including all information in the possession of or available to YOUR attorneys, agents, representatives, investigators or any other person acting on behalf of YOU or under YOUR direction or control.

K. If YOU cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please answer each such interrogatory to the fullest extent possible, state the facts upon which YOU rely to support YOUR contention that YOU are unable to answer the interrogatory fully and completely, and state what knowledge, information, and belief that YOU have concerning the unanswered portion of each such interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State YOUR date of birth.

**INTERROGATORY NO. 2:**

If YOU are under the age of eighteen (18) years, IDENTIFY YOUR parents or legal guardian.

**INTERROGATORY NO. 3:**

For each COMPUTER located at YOUR residence that was connected to an Internet account, IDENTIFY the COMPUTER by brand name; model number; serial number; year; and MAC address(s) for all computers and for all modems connected to the COMPUTER, including but not limited to DSL modems, cable modems, and/or dial-up modems.

**INTERROGATORY NO. 4:**

IDENTIFY computer networking hardware used in the last three years on the COMPUTER including, but not limited to routers, hubs, and Ethernet cards.

**INTERROGATORY NO. 5:**

IDENTIFY the owner of the COMPUTER.

**INTERROGATORY NO. 6:**

IDENTIFY all PERSONS who resided with YOU during the three years prior to the date the Complaint in this action was filed.

**INTERROGATORY NO. 7:**

IDENTIFY all PERSONS who utilized the COMPUTER during the three years prior to the date the Complaint in this action was filed.

**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS who utilized the COMPUTER on April 23, 2004.

**INTERROGATORY NO. 9:**

State whether you contend that a PERSON or PERSONS other than you is or are responsible for any or all of the acts of infringement alleged in the Complaint.

**INTERROGATORY NO. 10:**

If your response to Interrogatory No. 9 is anything other than an unqualified no, then state whether you have a belief as to who is responsible for any or all of the acts of infringement alleged in the Complaint, IDENTIFY such person(s), and STATE THE BASIS for your belief that such PERSON(S) is or are responsible for any or all of the acts of infringement alleged in the Complaint.

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS who downloaded an ONLINE MEDIA DISTRIBUTION SYSTEM on the COMPUTER during the three years prior to the date the Complaint in this action was filed.

**INTERROGATORY NO. 12:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION SYSTEM on the COMPUTER during the three years prior to the date the Complaint in this action was filed, including but not limited to any PERSON who downloaded music to the COMPUTER.

**INTERROGATORY NO. 13:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION SYSTEM on THE COMPUTER on April 23, 2004.

**INTERROGATORY NO. 14:**

IDENTIFY, by title of recording and recording artist, all SOUND RECORDINGS that YOU have copied or downloaded onto THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**INTERROGATORY NO. 15:**

IDENTIFY, by title of recording and recording artist, all SOUND RECORDINGS that YOU have MADE AVAILABLE from THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**INTERROGATORY NO. 16:**

For each of the SOUND RECORDINGS identified in YOUR response to Interrogatory Nos. 14 or 15, IDENTIFY the ONLINE MEDIA DISTRIBUTION SYSTEM used and the dates YOU used them.

**INTERROGATORY NO. 17:**

State all user or screen names YOU ever have used in connection with each ONLINE MEDIA DISTRIBUTION SYSTEM YOU utilized.

**INTERROGATORY NO. 18:**

IDENTIFY all PERSONS who have used the user screen name "Craftiii@KaZaA" while connected to an ONLINE MEDIA DISTRIBUTION SYSTEM using the COMPUTER.

**INTERROGATORY NO. 19:**

If YOU have recorded or burned onto CDs any SOUND RECORDINGS that YOU have downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, IDENTIFY, by title of recording and recording artist, each such sound recording, grouping the SOUND RECORDINGS by the CD onto which they were burned.

**INTERROGATORY NO. 20:**

Describe (by type of file, and, if applicable, title of song, artist, and where YOU got the file from) what is contained in each file identified in Exhibit B to the Complaint.

**INTERROGATORY NO. 21:**

List which files identified in Exhibit B to the Complaint were downloaded through an ONLINE MEDIA DISTRIBUTION SYSTEM.

**INTERROGATORY NO. 22:**

IDENTIFY who downloaded each file identified in Exhibit B to the Complaint.

**INTERROGATORY NO. 23:**

IDENTIFY, by title of recording and recording artist, all of the SOUND RECORDINGS contained in the files identified in Exhibit B to the Complaint which YOU deleted from the COMPUTER after YOU received the Complaint in this action.

**INTERROGATORY NO. 24:**

IDENTIFY, by title of recording and recording artist, all of the SOUND RECORDINGS that YOU downloaded to the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM after YOU received the Complaint in this action.

**INTERROGATORY NO. 25:**

STATE THE BASIS for any Affirmative Defenses alleged in YOUR Answer to Plaintiffs' Complaint.

Respectfully submitted,

Dated: 7/31/06

By: James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of July, 2006, a copy of the foregoing **FIRST SET OF INTERROGATORIES** was served upon the Defendant via United States Mail as follows:

RICHARD JAMES
23 Acorn Street
Providence, RI 02915
*Attorney for Defendant*

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852