**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and VIRGIN RECORDS AMERICA, INC., a California corporation, | ) | Civil No. CA06-124ML |
| Plaintiffs, | ) | Judge Mary M. Lisi |
| v. | ) | |
| JOANNE KEOVONGSAVANG, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit their Motion for Summary Judgment (the "Motion") on their claim of copyright infringement against the Defendant. In support of their Motion, Plaintiffs are filing (contemporaneously with the filing of this Motion), their Memorandum in Support of Motion for Summary Judgment, their Statement of Undisputed Facts, and the Declaration of Jeffrey C. Blair, and exhibits attached thereto.

For the reasons set forth in their Brief in Support of Motion for Summary Judgment, Plaintiffs respectfully request that the Court grant summary judgment in their favor and against Defendant Joanne Keovongsavang on Plaintiffs' claims for copyright infringement regarding Plaintiffs' Sound Recordings listed on Exhibit A to their Complaint. Plaintiffs respectfully request that the Court award Plaintiffs minimum statutory damages in the amount of $4,500, injunctive relief as prayed for in the Complaint, costs in the amount of $250 and such further relief as the Court deems just and proper.



#1228081 v1

Respectfully submitted this _13_ th Day of March, 2007,

By: /s/ James E. O’Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this _13th_ th Day of March, 2007, a true and correct copy of Plaintiffs’ Motion for Summary Judgment was sent to Defendant’s counsel of records via U.S. Mail, postage pre-paid to the following address:

Richard H. James (RI Bar # 4874)
Kevin A. McKenna Law, P.C.
23 Accorn Street
Providence, RI 02915

/s/ James E. O’Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and VIRGIN RECORDS AMERICA, INC., a California corporation, Plaintiffs, | ) | Civil No. CA06-124ML |
| | ) | Judge Mary M. Lisi |
| v. | ) | |
| JOANNE KEOVONGSAVANG, Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit the following Memorandum in Support of Motion for Summary Judgment.

## INTRODUCTION

This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505. As set forth below, Defendant's actions constitute copyright infringement as a matter of law.

## STATEMENT OF THE CASE

On April 23, 2004 at 1:18 a.m., Plaintiffs' investigator, MediaSentry, detected an individual who was engaged in the distribution of Plaintiffs' copyrighted sound recordings using the screen name Craftiii@KaZaA at Internet Protocol ("IP") address 68.14.26.199, which Defendant's Internet Service Provider, Cox Communications, Inc., subsequently identified in response to a federal court subpoena as being registered to Defendant. Exhibit B to the



#1228081 v1

Complaint is a copy of the share folder on Defendant's computer that contained more than 600 music files that Defendant was actively distributing to millions of users on a peer-to-peer network at the time Plaintiffs' investigator caught her. Exhibit A to the Complaint is a subset of Exhibit B and lists six (6) of the sound recordings that were being distributed or made available from Defendant's computer. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to these six (6) sound recordings.[1]

On March 17, 2006, after attempting unsuccessfully to negotiate a resolution of this matter, Plaintiffs filed this lawsuit for copyright infringement against Defendant Joanne Keovongsavang. Defendant answered the Complaint on or about April 10, 2006.

On July 31, 2006, Plaintiffs served their First Request for Admissions. Declaration of Jeffrey C. Blair ("Blair Decl."), ¶2, Ex. A. Defendant's responses to Plaintiffs' Request for Admissions were due on or before August 30, 2006. Blair Decl. ¶ 2. When the responses were not submitted, Plaintiffs sent Defendant's counsel an e-mail on September 8, 2006, asking for the overdue responses. Defendant's counsel responded on September 20, 2006, stating that he had "been out from an injury" and "will get on this ASAP." Blair Decl. ¶ 3 and Exhibit B, thereto. However, Defendant still did not provide discovery responses. Therefore, on November 6, 2006, Plaintiffs' counsel sent a letter to Defendant's counsel stating that Defendant must provide discovery responses by November 9, 2006 or Plaintiffs would file a Motion to Compel and Motion for Summary Judgment based on deemed admissions. Blair Decl. ¶ 5 and Exhibit C,

---

[1] In addition to the sound recordings listed on Exhibit A to the Complaint, Plaintiffs' copyrighted recordings also include certain of the sound recordings listed on Exhibit B to the Complaint which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

thereto. On November 10, 2006, when Plaintiffs did not receive discovery responses, Plaintiffs' counsel re-sent the discovery to Defendant's attorney. Blair Decl. ¶ 6 and Exhibit D, thereto. Defendant still did not provide discovery responses. To date, over 200 days after discovery was served, Defendant still has not responded.

Pursuant to Fed. R. Civ. P. 36(a), Defendant has admitted each request of Plaintiffs' First Request for Admissions. As described below, Defendant has been deemed to have admitted that she used an online media distribution system (or "peer-to-peer" network) to download (and thereby reproduce) Plaintiffs' copyrighted sound recordings and to make available (distribute) those sound recordings over the Internet to millions of other users. Based on these admissions, Plaintiffs move for summary judgment on their Complaint for copyright infringement. Although Defendant was illegally distributing hundreds of copyrighted sound recordings, Plaintiffs only request an order finding that Defendant has infringed six (6) of their copyrighted sound recordings, those listed on Exhibit A to the Complaint (the "Sound Recordings"), and enjoining Defendant from further infringing Plaintiffs' copyrighted works.

## FACTS

The facts are set forth in the Undisputed Statement of Fact, filed in conjunction with this Brief and incorporated by reference herein.

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating that it is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden has been met, the non-moving party must "go beyond the pleadings" and designate specific facts to support or defend each element of the cause of action, showing there is a genuine issue for trial. *Id.* at 324. "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists. Withal, a measure of factual specificity is required; a conglomeration of conclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's burden." *Iverson v. City of Boston,* 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted).

As is demonstrated herein, summary judgment is required in this instance because no issue of material fact exists as Defendant has admitted all facts necessary for Plaintiffs to prevail on their claims for copyright infringement.

### B. By Failing to Respond to Plaintiffs' Request for Admissions, Defendant Has Admitted Them.

Defendant failed to respond to Plaintiffs' First Request for Admissions, which Plaintiffs served on July 31, 2006. Blair Dec., ¶ 7. As a result, each request is deemed admitted. *See* Fed. R. Civ. P. 36(a) ("The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ."); *see also Talley v. United States,* 990 F.2d 695, 698 (1st Cir. 1993) ("An admission under Fed. R. Civ. P. 36(a) is, by the terms of the rule, binding on the party making the admission and cannot be contradicted."); *Brook Village North Assocs. v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982).

**C. Summary Judgment Is Appropriate Because Defendant Has Admitted All Facts Necessary to Establish Her Liability for Copyright Infringement.**

The Copyright Act grants the copyright owner of a sound recording the exclusive rights to, among other things, "reproduce the copyrighted work in copies or phonorecords" and "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106(1) and (3). In order to prevail, Plaintiffs must prove (1) that they own the copyrights in the Sound Recordings and (2) that Defendant copied or distributed those Sound Recordings. *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005); *see also Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").[2] "Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant." 4 M. & D. Nimmer, *Nimmer On Copyright* § 13.01, at 13-5 & n.4 (2002) ("*Nimmer*").

Copyright infringement is a strict liability offense; Plaintiffs need not demonstrate Defendant's intent to infringe, or even knowledge of infringement, in order to prove copyright infringement. *See, e.g., Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 489 (1984) ("[I]t is not necessary that the defendant be aware that the infringing activity violates the copyright laws. . . . [T]he statute establishes no general exemption for those who believe their

[2] *See also Lotus Dev. Corp. v. Borland Int'l*, 49 F.3d 807, 813 (1st Cir. 1995); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62 (1st Cir. 2002) ("'Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement.'" (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 843 (11th Cir. 1990))); *Universal City Studios Prods. LLLP v. Bigwood,* 441 F. Supp. 2d 185, 190 (D. Me. 2006) ("The rights protected in . . . the Copyright Act include the rights to distribute and reproduce the copyrighted material.").

infringing activities are legal."); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994) (noting that a "state claim of tortious interference with contractual relations may require elements of awareness and intentional interference not necessary for proof of copyright infringement"); *see also Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000) ("Copyright infringement actions, like those for patent infringement, ordinarily require no showing of intent to infringe.").

Summary judgment is appropriate here because Defendant has admitted all facts necessary for Plaintiffs to prevail on their claims for copyright infringement. *See Bigwood*, 441 F. Supp. 2d at 187; *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1292 (D. R.I. 1982) ("By failing to answer, object or otherwise respond to the requests for admissions promulgated under Rule 36, the defendants are, for purposes of [the] litigation, deemed to have admitted the facts and statements limned by the requests.") *Brook Village North Assocs.*, 686 F.2d at 70 (giving conclusive effect to deemed admissions and noting that "courts have not hesitated in appropriate cases to apply the sanction of Rule 36 to material facts that conclusively establish or preclude a party's claim"); *Elecktra Entertainment Group Inc. v. Brimley*, CV 205-134 (S.D. Ga. Aug. 15, 2006) (attached hereto as **Exhibit A**); *Sony Music Corp. v. Scott*, No. 03-Civ-6886 (BSJ) (S.D.N.Y. Feb. 18, 2005) (attached hereto as **Exhibit B**).[3] Specifically, as more fully set forth

---

[3] A party's admissions, even those admissions made automatically by a failure to respond to proper requests, are conclusive of the facts admitted. Fed. R. Civ. P. 36(b); *United States v. Kenealy*, 646 F.2d 699, 701 (1st Cir. 1981) ("Any matter admitted under [Rule 36] is conclusively established."); *Bigwood*, 441 F. Supp. 2d at 187 ("A motion for summary judgment may be premised upon admissions made pursuant to [Rule 36(b)], and summary judgment can be properly granted on facts that are admitted because a party failed to respond to a request for admission; *An-Port, Inc. v. MBR Ind., Inc.*, 772 F. Supp. 1301, 1305 (D. P.R. 1991) ("The facts admitted either by the Court or by the parties themselves constitute the law of the case for all legal purposes. . . . These facts can be, and usually are, the basis for summary judgment pursuant to Fed. R. Civ. P. 56." (citations omitted)). This rule applies equally in copyright infringement cases such as this one. *See, e.g., Nintendo of Am., Inc. v. Brown*, 1996 WL 468590, at *2 (9th

below, Defendant has admitted that Plaintiffs own valid copyrights in the Sound Recordings for which recovery is sought. Defendant also has admitted that she used an online media distribution system both to reproduce and to distribute unlawfully Plaintiffs' Sound Recordings listed on Exhibit A to the Complaint, thereby infringing Plaintiffs' copyrights in those Sound Recordings.

*1. Plaintiffs Own the Copyrights to the Sound Recordings at Issue.*

Plaintiffs seek summary judgment for copyright infringement for the six Sound Recordings listed in Exhibit A to Plaintiffs' Complaint.[4] Based on Defendant's deemed admissions, she has admitted Plaintiffs' copyright ownership of the Sound Recordings at issue. Statement of Undisputed Facts ("SUF") ¶14; Blair Decl., Ex. A, Nos. 13-14. Defendant has further admitted valid registration of the copyrights at issue. SUF ¶ 15; Blair Decl., Ex. A, Nos. 19-20.) Furthermore, Plaintiffs have Copyright Registrations for the Sound Recordings listed in Exhibit A to the Complaint, which evidence Plaintiffs' ownership of or exclusive license to the copyrights in the Sound Recordings at issue in this lawsuit. SUF ¶ 14; Blair Decl., ¶ 8, Ex.E. Consequently, Plaintiffs' ownership and valid registration of the copyrights for the Sound Recordings at issue are conclusively established for purposes of this Motion. *See Milene Music,*

---

Cir. Aug. 16, 1996) ("Because [Defendant] failed to respond to the interrogatories and request for admissions, he was deemed to have admitted that he committed trademark counterfeiting. . . . Therefore, the district court did not err by entering summary judgment on this issue.") (citations omitted); *Milene Music, Inc.*, 551 F. Supp. at 1293–94.

[4] Exhibit A to the Complaint is a subset of music files contained in Defendant's computer's share folder, as evidenced by Exhibit B to the Complaint. Defendant has admitted that Exhibit B is a true and correct copy of her share folder as it currently exists, or as it existed during the preceding three years prior to December 15, 2005. Statement of Undisputed Facts ("SUF") ¶ 13; Blair Decl., Ex. A, No. 9.

*Inc.*, 551 F. Supp. at 1294 (holding that "[t]he elements of infringement have been authoritatively established by affidavit and admission.)

*2. Defendant Violated Plaintiffs' Copyrights by Reproducing and Distributing Plaintiffs' Sound Recordings Without Authorization.*

The Copyright Act enumerates various exclusive rights granted to the owner of a copyright. Specifically, "One infringes a copyright when he or she violates one of the exclusive rights to a work held by a copyright owner." *T-Peg, Inc. v. Vt. Timber Works, Inc.*, 459 F.3d 97, 108 (1st Cir. 2006) *See also, Playboy Enters. v. Frena*, 839 F. Supp. 1552, 1555-56 (M.D. Fla. 1993), "Engaging in or authorizing any of these categories without the copyright owner's permission violates the exclusive rights of the copyright owner and constitutes infringement of the copyright." In this case, Defendant has admittedly infringed Plaintiffs' Sound Recordings listed on Exhibit A to the Complaint both by copying (downloading) them and by distributing (uploading) them to others.[5] Plaintiffs seek only one finding of liability for each of the six Sound Recordings, however, because either copying or distributing is sufficient by itself to rule in favor of Plaintiffs.

Specifically, Defendant admits that she used an online media distribution system to download Plaintiffs' Sound Recordings listed on Exhibit A to the Complaint. SUF ¶ 11; Blair Decl., Ex. A, No. 11.) As a matter of law, this constitutes an unlawful reproduction of Plaintiffs' Sound Recordings. 17 U.S.C. § 106(1); s*ee, e.g., BMG Music v. Gonzalez,* 430 F.3d 888, 893 (7th Cir. 2005) (upholding summary judgment where the defendant admitted to downloading copyrighted sound recordings over the Internet); *In re: Aimster Copyright Litig.,* 334 F.3d 643, 645 (7th Cir. 2003) ("[M]aking . . . a digital copy of [copyrighted] music . . . infringes

[5] Defendant further admits that Plaintiffs have never authorized Defendant to copy Plaintiffs' Sound Recordings. SUF ¶ 10; Blair Decl., Ex. A, No. 21.

copyright."); *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014 (9th Cir. 2001) ("Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights."); *MGM Studios Inc. v. Grokster, Ltd.,* 259 F. Supp. 2d, 1029, 1034-35 (C.D. Cal. 2003); *aff'd*, 380 F.3d 1154 (9th Cir. 2004); *aff'd*, 125 S. Ct. 2764 (2005) (holding that users who download copyrighted music violate the copyright owner's exclusive reproduction right).[6]

Defendant further admits that she distributed Plaintiffs' Sound Recordings listed on Exhibit A to the Complaint to others by placing them in her share folder so that they could be accessed by the public at large and/or other users of an online distribution system. SUF ¶ 11; Blair Decl., Ex. A, Nos. 9 and 23. Distributing copyrighted sound recordings to others by placing them in a share folder on an online media distribution system violates Plaintiffs' exclusive right to distribute their recordings. 17 U.S.C. § 106(3); *Motown Record Co., L.P. v. DePietro*, 2007 U.S. Dist. LEXIS 11626, *12 (E.D. Pa. 2007) ("A plaintiff claiming infringement of the exclusive-distribution right can establish infringement by proof of actual distribution or by proof of offers to distribute, that is, proof that the defendant 'made available' the copyrighted work."); *see also Aimster,* 334 F.3d at 645 ("transmitting a digital copy of [copyrighted] music . . . infringes copyright"); *Grokster,* 259 F. Supp. 2d at 1034-35 (users who upload copyrighted music violate copyright owner's exclusive distribution right).[7]

---

[6] *See also Marobie-Fl., Inc. v. National Ass'n of Fire Equip. Distribs.*, 983 F. Supp. 1167, 1173 (N.D. Ill. 1997) (holding reproduction rights infringed where web page administrator copied copyrighted clip art onto hard drive of web service provider's computer and, from there, copied the clip art onto defendant's web page); *Sega Enters. Ltd. v. MAPHIA*, 948 F. Supp. 923, 931-32 (N.D. Cal. 1996) (holding infringing copies made each time Sega computer program files uploaded to or downloaded from computer bulletin board service); 2 *Nimmer* § 8.08[A][1], at 8-115 ("[The] input of a work into a computer results in the making of a copy, and hence . . . such unauthorized input infringes the copyright owner's reproduction right.").

[7] S*ee also Napster*, 239 F.3d at 1014 (making copyrighted works available for electronic distribution on a P2P network violates the exclusive right of distribution, even absent evidence of actual distribution); *Hotaling v. Church of Jesus Christ of Latter-Day Saints,* 118 F.3d 199 (4th

For all of the following reasons, as a matter of law, Defendant has infringed Plaintiffs' copyrights in the Sound Recordings listed on Exhibit A to the Complaint.

*3. Plaintiffs Are Entitled to Statutory Damages Resulting From Defendant's Copyright Infringement.*

Plaintiffs have proven that they own the copyrights in question and that Defendant infringed those copyrights. Because Plaintiffs have conclusively established their claims for copyright infringement against Defendant, they are entitled to an award of statutory damages.

The Copyright Act provides that once copyright infringement has been established:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally.

17 U.S.C. § 504(c)(1). *Emi Mills Music, Inc. v. Empress Hotel, Inc.*, 2006 U.S. Dist. LEXIS 94719, at *17–18 (1st Cir. Sept. 20, 2006) ("'[T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in that action'" (citing 17 U.S.C. 504(c)(1)); *Gamma Audio & Video v. Ean-Chea*, 11 F.3d 1106, 1115 (1st Cir. 1993) ("Under the Copyright Act a party may seek an award of statutory damages 'in lieu' of actual damages."); (*See also Gonzalez*, 430 F.3d at 891–92).

---

Cir. 1997) (making unauthorized copies of a copyrighted work available violates the exclusive distribution right); *Sony Music Entertainment Inc. v. Scott,* No. 03-CV-6886 (BSJ) (S.D.N.Y. Jan. 3, 2006) (granting summary judgment based on the fact that "Defendant distributed 944 music files through the Kazaa system, making each of them available for downloading to millions of other Kazaa users.") (attached hereto as **Exhibit C**). Thus, as the United States' Register of Copyrights, Marybeth Peters, has stated in connection with the issue of offering copyrighted works on a P2P network, "[M]aking [a work] available for other users of a peer to peer network to download . . . constitutes an infringement of the exclusive distribution right, as well of the reproduction right." Letter from Marybeth Peters to Rep. Howard L. Berman (Sept. 25, 2002) (citing *Napster,* 239 F.3d at 1014), *reprinted in Piracy of Intellectual Property on Peer-to-Peer Networks, Hearing Before the Subcomm. on Courts, the Internet, and Intellectual Property of the House Comm. on the Judiciary* 107th Cong. 114-15 (2002) (Attached hereto as **Exhibit D**)

Plaintiffs elect such statutory damages. Plaintiffs need not prove any actual damages in order to be entitled to an award of statutory damages. Plaintiffs may elect statutory damages "whether or not adequate evidence exists as to the actual damages incurred by plaintiffs or the profits gained by defendants." *Cable/Home Communications v. Network Prod., Inc.*, 902 F.2d 829, 850 (11th Cir. 2002) (citing *Nimmer* § 14.04[A]).[8]

The appropriate statutory damages for non-willful infringement range from a minimum of $750 per work to a maximum of $30,000 per work. *See* 17 U.S.C. § 504(c)(1). When, as in the present case, Plaintiffs elect statutory damages, they may not receive less than the minimum statutory damages amount specified in the Copyright Act for each infringed work. The Court is "constrained only by the specified maxima and minima" set forth in the Copyright Act. *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc*, 259 F.3d 1186, 1194 (9th Cir. 2001) (internal quotation marks and citation omitted); *Markham v. A.E. Borden Co.*, 221 F.2d 586, 587 (1st Cir. 1955) ("[W]ithin the minimum and maximum limits set by Congress . . . the court's discretion and sense of justice are controlling . . . in its award of statutory damages." (citing *L. A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106 (1914) and *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228 (1952))).

To facilitate a final disposition of this case on the instant Motion, Plaintiffs seek only the minimum amount of statutory damages prescribed by the Copyright Act: an award of $750 for each of the six (6) Sound Recordings at issue in this Motion for a total of $4,500. Courts

8 *See also Data Gen. Corp.*, 36 F.3d at 1176 n.50 (1st Cir. 1994) ("[I]f the plaintiff cannot prove actual damages and the defendant shows that none of its gain is attributable to the infringement, the plaintiff would still be entitled to elect statutory damages."); *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits.") (*citing Nimmer* § 14.04[A], 14-44-45).

routinely award at least minimum statutory damages in these types of copyright cases, as they must, when granting a motion for summary judgment. *See, e.g., Gonzalez,* 430 F.3d at 893; *LaVa Records, LLC v. Ates*, Civ. No. 05-1314 (W.D. La. July 11, 2006) (attached hereto as **Exhibit E**); *Sony BMG Music Entertainment v. Bell*, Case No. A-04-CA-1055-SS (W.D. Tex. June 6, 2006) (attached hereto as **Exhibit F**).[9] In addition, hundreds of courts throughout the country, including courts in this jurisdiction, have awarded minimum statutory damages when ordering default judgment for Plaintiffs in cases like this one.[10]

Accordingly, Plaintiffs respectfully submit that, as a matter of law, they are entitled to judgment in the amount of $4,500.

4. *This Court Should Permanently Enjoin Defendant from Future Infringement.*

Plaintiffs respectfully submit that, as a matter of law, they are also entitled to a permanent injunction against Defendant. The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

---

[9] *See also Veeck v. S. Bldg. Code Congress Int'l Inc.*, 241 F.3d 398, 410 (5th Cir. 2001) (awarding minimum statutory damages on summary judgment); *Columbia Pictures Indus. v. T & F Enters.,* 68 F. Supp. 2d 833, 840 (E.D. Mich. 1999) (awarding statutory damages on summary judgment where plaintiff established infringement and sought only statutory minimum).

[10] *See, e.g., Elektra Entertainment Group, Inc., et al. v. Cabral,* Case No. 1:06-cv-00242-ML-LDA (D.R.I. Jan. 4, 2007) (order granting default judgment, damages, and injunction above, but listing specific songs also enjoined) (attached hereto as **Exhibit G**); *Interscope Records, et al. v. Sudar*, Case No. CA 05-097L (D.R.I. 2005) (same)(attached hereto as **Exhibit H**); *Capitol Records, Inc., et al. v. Bartley,* Case No. CA 04-491 ML (D. R.I. 2005) (same) (attached hereto as **Exhibit I**); *Sony BMG Music Entertainment, et al. v. Blais*, Case No. 1:06-cv-00416-S-DLM (D.R.I. Feb. 5, 2007) (same) (attached hereto as **Exhibit J**); *Virgin Records Am., Inc. v. Byrd*, No. 2:05-cv-601-WHA-VPM (M.D. Ala. Nov. 15, 2005) (same) (attached hereto as **Exhibit K**); *Interscope Records, et al. v. Hart*, No. 3:05-cv-140TSLAGN (S.D. Ms. Jun 6, 2005) (same) (attached hereto as **Exhibit L**).

17 U.S.C. § 502(a); *see also Bigwood*, 441 F. Supp. 2d at 192; *Comcast of Mass. I, Inc. v. Naranjo*, 303 F. Supp. 2d 43, 45 (D. Mass. 2004). Injunctions are routinely issued pursuant to the mandate of Section 502, because "the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. Nat'l. Educ. Support Sys.,* 994 F.2d 1476, 1499 (10th Cir. 1993).

In this case, the entry of an injunction is "necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." *Atari Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 620 (7th Cir. 1982) (preliminary injunction); *see Bigwood*, 441 F. Supp. 2d at 192 ("'As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations.'" (quoting *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993))). As copyright holders, Plaintiffs are entitled to avoid the irreparable damage that will occur if Defendant (and others like her) continues to infringe upon Plaintiffs' copyrights. Irreparable harm is presumed in copyright infringement actions. *Concrete Machinery Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 611–12 (1st Cir. 1988) ("[I]rreparable harm is usually presumed if likelihood of success on the copyright claim has been shown. . . . There is, therefore, no need actually to prove irreparable harm when seeking an injunction against copyright infringement." (citations omitted)). Once irreparable injury is presumed, injunctive relief is appropriate because damages alone are not an adequate remedy. Thus, as in *Napster*, an injunction in this case "is not only warranted but required." *Napster*, 239 F.3d at 1027. Indeed, such injunctions are "regularly issued" because of the strong public

interest in copyright protections. *Arista Records, Inc. v. Beker Enters.,* 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).[11]

The scope and history of Defendant's infringement more than warrant the requested injunction. Defendant is deemed to have admitted that she knew that downloading Plaintiffs' copyrighted Sound Recordings was illegal when she downloaded them. SUF ¶ 12; Blair Decl., Ex. A, No. 12. Absent an injunction, there is nothing to stop Defendant from downloading and distributing more of Plaintiffs' copyrighted sound recordings through an online media distribution system. Injunctive relief therefore is required to prevent further irreparable harm.

Accordingly, Plaintiffs seek entry of an injunction, as requested in the Complaint. (Compl. at p. 5.) Specifically, Plaintiffs ask for an injunction providing:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Just as courts throughout the country (including courts in this jurisdiction) have awarded minimum statutory damages when ordering default judgment for Plaintiffs, *see supra* Part C.3 & n.10, they have also adopted Plaintiffs' language regarding injunctive relief. *See id.*

---

[11] Additionally, pursuant to the equitable powers provided under 17 U.S.C. § 503(b) (2000), this Court has the power to order the destruction of all infringing copies in Defendant's possession as part of a final order or decree. *See Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992).

In light of the massive scope and nature of Defendant's infringement, the public interest, and the need to protect Plaintiffs' copyrighted works, the requested injunction prohibits infringement of all copyrighted sound recordings owned by Plaintiffs. Broad injunctions such as this are regularly entered in copyright infringement cases. *See, e.g., Gonzalez,* 430 F.3d at 893 (affirming lower court's injunction preventing the Defendant from further infringement of Plaintiffs' copyrighted sound recordings); *Sony Music Entertainment, Inc. v. Global Arts Productions,* 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999) (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including, but not limited to, those listed in the complaint).

For the same reasons, and because Plaintiffs continually create new works – works that would be vulnerable to infringement and require litigation if the injunction were limited to existing works – the requested injunction follows standard practice in copyright cases by covering works to be created in the future. *See Princeton Univ. Press v. Michigan Document Servs.,* 99 F.3d 1381, 1392 (6th Cir. 1996) ("The weight of authority supports the extension of injunctive relief to future works."). The injunction would not, of course, prohibit Defendant from utilizing the Internet for legitimate, noninfringing purposes.

*5. Plaintiffs Are Entitled to Costs of Suit.*

Finally, Section 505 of the Copyright Act expressly authorizes recovery of "full costs," because an award of costs would "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *A&N Music Corp. v. Venezia,* 733 F. Supp. 955, 959 (E.D. Penn. 1990); *see also Cross Keys Publ. Co. v.*

*Wee, Inc.,* 921 F. Supp. 479, 481-82 (W.D. Mich. 1995). Plaintiffs seek $250.00 as costs of suit ($250.00 filing fee). SUF ¶ 18.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court grant summary judgment in their favor and against Defendant Joanne Keovongsavang on Plaintiffs' claims for copyright infringement regarding Plaintiffs' Sound Recordings listed in Exhibit A to the Complaint. Plaintiffs respectfully request that the Court award Plaintiffs minimum statutory damages in the amount of $4,500, injunctive relief as prayed for in the Complaint, costs in the amount of $250.00 and such further relief as the Court deems just and proper.

Respectfully submitted this _13_ th Day of March, 2007,

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this _13_ th Day of March, 2007, a true and correct copy of Plaintiffs' Memorandum in Support of Motion for Summary Judgment was sent to Defendant's counsel of records via U.S. Mail, postage pre-paid to the following address:

Richard H. James (RI Bar # 4874)
Kevin A. McKenna Law, P.C.
23 Accorn Street
Providence, RI 02915

______________________

/s/ James E. O'Neil
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs