UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONY MUSIC CORPORATION, et. al,

Plaintiffs,

v.

JAMES SCOTT,

Defendant.

03 Civ. 6886 (BSJ)

**ORDER AND PERMANENT INJUNCTION**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

This case arises out of Defendant's use of an online media distribution system to download, reproduce and distribute Plaintiffs' copyrighted sound recordings. It is uncontested that Defendant's conduct constitutes infringement of two of Plaintiffs' rights in copyright: the right to reproduce and the right to distribute. Plaintiffs have moved for partial summary judgment, seeking a permanent injunction against Defendant's further infringement of their copyrights. For the reasons stated below, Plaintiffs' motion is granted.

**Procedural History**

The complaint in this action was filed on September 8, 2003. Defendant, who is pro se, answered the complaint on November 24, 2004. In his answer, which consisted of a handwritten letter to Magistrate Judge Katz, Defendant denied liability for Plaintiffs' claims of copyright infringement.

In or around January 2004, Plaintiffs sent Defendant a request to produce documents, a set of interrogatories and a request for admissions. As of March 1, 2004, Defendant had not replied to these discovery requests. On March 3, 2004, Magistrate Judge Katz ordered that Defendant respond to Plaintiffs' discovery requests and warned Defendant that his failure to do so could result in Plaintiffs' request for admissions being deemed admitted.

Defendant did not respond to the discovery requests. Again, on March 22, 2004, Magistrate Judge Katz issued an order which granted Defendant a final extension which allowed him until April 5, 2004 to reply to Plaintiffs' discovery requests. Magistrate Judge Katz warned Defendant that his continued failure to respond to the discovery requests would result in Plaintiffs' requests for admission being deemed admitted. Finally, on April 13, 2004, Magistrate Judge Katz issued an order stating that Plaintiffs' requests for admissions were admitted. On April 21, 2004, Magistrate Judge Katz issued a revised scheduling order which cut off discovery on June 1, 2004. Since April 2004, Plaintiffs have served additional discovery requests on Defendant. Defendant has not responded to those requests.

As a result of the April 13 order, the following facts were deemed admitted: (1) Defendant used an online media distribution

system to download Plaintiffs' sound recordings from the computers of other users to Defendant's own computer; (2) Defendant knew that the sound recordings were copyrighted when he downloaded them; (3) Plaintiffs never authorized Defendant to download their sound recordings; (4) Defendant made Plaintiffs' sound recordings available to others via an online media distribution system; (5) Plaintiffs never authorized Defendant to make their sound recordings available to others for downloading or copying; (6) after Defendant received the complaint in this action, he continued to download sound recordings using an online media distribution system; (7) after Defendant received the complaint in this action, he continued to make sound recordings available to others via an online media distribution system; (8) the document attached as Exhibit B to the complaint is a true and correct copy of Defendant's share folder, listing the material Defendant made available to others via an online media distribution system, as it existed at some point during the previous three years; (9) Plaintiffs own the sound recordings listed in the document attached to the complaint as Exhibit A.

In or around July 9, 2004, Plaintiffs filed the instant motion for partial summary judgment, requesting that the Court permanently enjoin Defendant from infringing Plaintiffs' copyrights and requiring Defendant to destroy the Plaintiffs'

sound recordings he obtained through copyright infringement. Plaintiffs provided Defendant with the notice required under the Southern District of New York's Local Rules for pro se litigants opposing summary judgment motions. Defendant replied to Plaintiffs' motion, but his papers did not oppose the entry of partial summary judgment in favor of Plaintiffs. Rather, Defendant appears to raise questions regarding the scheduling of his deposition in March 2004, an issue that was already moot after discovery was closed on June 1, 2004.

Based on the admissions entered against Defendant and Plaintiffs' submissions, the Court finds it clear that there is no genuine issue of material fact as to Defendant's liability for infringing Plaintiffs' copyrights. Accordingly, pursuant to Section 502(a) of the Copyright Act, 17 U.S.C. § 502(a), the following injunction shall be entered against Defendant:

Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings available for

distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

Conclusion

For the foregoing reasons, Plaintiffs' motion for partial summary judgment and a permanent injunction is granted.

SO ORDERED:

Barbara S. Jones

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
February 18, 2005

COPY MAILED / FAXED TO:
COUNSEL FOR PLTFF(S): ✓
COUNSEL FOR DFT(S):
PLTFF PRO SE:
DFT. PRO SE: mail
DATE: 2/18/05
BY: SP