COPY MAILED / FAXED TO:
COUNSEL FOR PLTFF(S): X
COUNSEL FOR DFT(S):
PLTFF PRO SE:
DFT. PRO SE: X
DATE: 1/5/05
BY: DH
Doc # 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONY MUSIC ENTERTAINMENT INC., a Delaware corporation, ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and ARISTA RECORDS, INC., a Delaware corporation,

Plaintiffs,

-against-

JAMES SCOTT,

Defendant.

03 Civ. 6886 (BSJ) (THK)

**~~[PROPOSED]~~ ORDER AWARDING STATUTORY DAMAGES**

U.S. DISTRICT COURT FILED JAN - 9 2006 S.D. OF N.Y.

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

This case concerns Defendant's admitted use of an online media distribution system known as "Kazaa" to infringe Plaintiffs' copyrighted sound recordings. By Order dated February 18, 2005 (the "Order"), this Court granted Plaintiffs' motion for partial summary judgment, finding that Defendant's unauthorized reproduction and distribution of five of Plaintiffs' copyrighted works infringed two of Plaintiffs' rights and constituted copyright infringement as a matter of law, and enjoining Defendant from infringing Plaintiffs' copyrights again in the future (the detailed procedural history of the case is set forth in the Order). The Order was based upon certain facts deemed admitted by Magistrate Judge Katz as a sanction for Defendant's failure to comply with discovery orders, including: (1) Defendant used the Kazaa online media distribution system to download Plaintiffs' copyrighted recordings from the computers of other users to Defendant's own computer; (2) at the time of the downloading, Defendant knew the files were copyrighted and that Plaintiffs had

never authorized Defendant to download them; (3) in total, Defendant distributed 944 music files through the Kazaa system, making each of them available for downloading to millions of other Kazaa users; and (4) Defendant continued to engage in these infringing acts even after he received the Complaint in this action.

Plaintiffs have elected to recover an award of statutory damages pursuant to 17 U.S.C. § 504(c). Plaintiffs now move for summary judgment with respect to the amount of the statutory award for each of the five infringed works identified in Exhibit A to the Complaint. Because this Court finds that no genuine issue of material fact exists regarding Plaintiffs' entitlement to recover an award of $4,000 for Defendant's "non-willful" infringement[1] of each of the five infringed works identified in Exhibit A to the Complaint (for a total award of $20,000), for the reasons set forth below, the Plaintiffs' motion is granted.

## DISCUSSION

Once copyright infringement has been established, the Copyright Act grants courts broad discretion to set the appropriate amount of the statutory award within a permissible range for "non-willful" infringement of a minimum of $750 per work and a maximum of $30,000 per work, "as the court considers just" 17 U.S.C. § 504(c)(1); see also National Football League v. PrimeTime 24 Joint Venture, 131 F.Supp.2d 458, 472 (S.D.N.Y.2001) ("It is well-established that district courts have broad discretion in setting the amount of statutory damages within the minimum and maximum amounts prescribed by the Copyright Act."). Plaintiffs do not need to prove any actual damages to be entitled to an award of statutory damages. See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (plaintiff "may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the

[1] Plaintiffs have not sought a finding that Defendant's infringement was willful.

amount of defendant's profits") (citing Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[B], at 14.04[A], 14-44-45). No evidentiary hearing is required, because no genuine issue of material fact exists with respect to the Plaintiffs' entitlement to a statutory award in this amount. See Capitol Records, Inc. v. Lyons, 2004 WL 1732324, *3 (N.D. Tex. Aug 02, 2004) ("While it is true that the damages in this case are neither liquidated nor capable of mathematical calculation, it is not necessary for the Court to hold a hearing as long as it ensures that there is a basis for the damages specified in a default judgment.").[2]

Here, Plaintiffs elect to recover statutory damages for "non-willful" infringement and seek $4,000 for each of five infringements, an amount which this Court finds is reasonable under the circumstances. Defendant's infringing conduct has subjected Plaintiffs' valuable copyrighted sound recordings to ongoing "viral" infringement. See, e.g., In re Aimster Copyright Litigation, 334 F.3d 643, 646-47 (7th Cir. 2003) ("the purchase of a single CD could be levered into the distribution within days or even hours of millions of identical, near-perfect (depending on the compression format used) copies of the music recorded on the CD"). The requested award is particularly appropriate because Plaintiffs seek only to recover for five infringements even though Defendant was distributing many more music files. Moreover, Defendant's extreme indifference to both the copyright law and the authority of this Court throughout this litigation, and the need for deterrence further justifies the requested award. See, e.g., Microsoft v. Wen, 2001 WL 1456654, at *6 (N.D. Cal. Nov. 13, 2001) ("[n]ominal damages in cases such as these not only fail to deter infringement, but also encourage disregard for discovery procedures") (awarding statutory damages of $15,000 per work on summary judgment where defendants admitted factual allegations in complaint by default).

[2] Defendant has not requested a jury trial, and has waived his right to do so. See Fed. R. Civ. P. 38(d) ("[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury").

Although an award of $4,000 per infringement is on the very low end of the statutory range for non-willful infringement, such an award is necessary so that Defendant will appreciate the unlawful nature of his actions. In addition, the use of online media distribution systems to commit copyright infringement is pervasive, and other users of such systems must understand that the copyright law applies with equal force to infringing Internet activity. See Universal City Studios v. Reimerdes, 111 F. Supp.2d 294, 344-45 (S.D.N.Y. 2000) ("the excitement of ready access to untold quantities of information has blurred in some minds the fact that taking what is not yours and not freely offered to you is stealing"); Elektra Entertainment Group Inc. v. Bryant, 2004 WL 783123 at *5 (C.D. Cal. February 13, 2004) (noting that a heightened statutory damage award on default judgment for copyright infringement by individual Kazaa user would be "reasonably calculated to serve the Act's deterrent purposes"); Broadcast Music, Inc. v. Entertainment Complex, Inc., 198 F.Supp.2d 1291, 1296 (N.D. Ala. 2002) (awarding statutory damages on motion for summary judgment in the amount of "$3,909.09 for each of the 11 musical compositions whose copyrights Defendants were shown to have infringed, placing the award on the relatively low end of the $750-to-$30,000-per-work range permitted by the statute").

For the forgoing reasons, Plaintiffs' Motion for Summary Judgment on the Amount of Statutory Damages is granted. Pursuant to the Copyright Act, 17 U.S.C. § 504(c)(1), Defendant shall pay damages to Plaintiffs in the amount of $4,000 for each of five infringements, for a total principal sum of $20,000.

The Clerk of the Court is directed to close this Case.

**SO ORDERED:**

DATED: 1|3|06

By: Barbara S. J
Barbara S. Jones
United States District Judge



25369/000/704226.2