The Register of Copyrights
of the
United States of America

Library of Congress
Department 17
Washington, D.C. 20540

(202) 707-8350

September 25, 2002

**RE: Hearing on Piracy of Intellectual Property on Peer-to-Peer Networks**

**Dear Representative Berman:**

**In response to your request, I am responding to an assertion made in written testimony for tomorrow's Subcommittee hearing on "Piracy of Intellectual Property on Peer-to-Peer Networks" that U.S. copyright law does not give copyright owners a separate exclusive right of "making available."**

**This statement reflects an incorrect understanding of U.S. copyright law. While Section 106 of the U.S. Copyright Act does not specifically include anything called a "making available" right, the activities involved in making a work available are covered under the exclusive rights of reproduction, distribution, public display and/or public performance set out in Section 106. (*See, e.g., New York Times Co., Inc. v. Tasini*, 533 U.S. 483 (2001), *Playboy Enters., Inc. v. Frena*, 839 F. Supp. 1552 (M.D. Fla. 1993), *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543 (N.D. Tex. 1997), *Marobie-FL, Inc. v. National Ass'n of Fire Equip. Distribs.*, 983 F. Supp. 1167 (N.D. Ill. 1997), *Religious Tech. Ctr. v. Netcom On-Line Communication Servs.*, 907 F. Supp. 1361 (N.D. Cal. 1995).) Which of these rights are invoked in any given context will depend on the nature of the "making available" activity.**

**In the case of a peer to peer network user uploading a copyrighted work onto his or her computer, making it available for other users of the peer to peer network to download, it is simply incorrect to suggest that the person performing the download is the only person legally responsible for infringement. Making the work available in this context constitutes an infringement of the exclusive distribution right, as well of the reproduction right (where the work is uploaded without the authorization of the copyright holder). In the Ninth Circuit's decision in *A&M Records v. Napster*, the court held that "Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights." (239 F.3d 1004, 1014 (9th Cir. 2001)).**

**As you are aware, in implementing the new WIPO Copyright Treaty (WCT) and WIPO Performances and Phonograms Treaty (WPPT) in the Digital Millennium Copyright Act, Congress determined that it was not necessary to add any additional rights to Section 106 of the Copyright Act in order to implement the "making available" right**

under Article 8 of the WCT.[1] Title I of the DMCA was intended to, and did, fully implement the WCT. As I stated in my testimony before the subcommittee, "In our view, [the bill] fully and adequately implements the obligations of the new WIPO treaties, without amending the law in areas where a change is not required for implementation." Since existing U.S. law already covered the activities encompassed in a making available right, "The treaties [did] not require any change in the substance of the copyright rights or exceptions in U.S. law." (H. Rep.105-551 at 15.)

Please let us know if you have any further questions or would like us to provide you with a more detailed analysis.

Sincerely,

Marybeth Peters / JF

Marybeth Peters
Register of Copyrights

The Honorable Howard L. Berman
Subcommittee on Courts, the Internet and Intellectual Property
B-351A Rayburn House Office Building
Washington, D.C. 20515

[1] Article 8 provides in pertinent part that:

"[A]uthors of literary and artistic works shall enjoy the exclusive right of authorizing any communication to the public of their works, by wire or wireless means, including ***the making available*** to the public of their works in such a way that members of the public may access these works from a place and at a time individually chosen by them." WCT, Article 8 (emphasis added.)