RECEIVED
IN MONROE, LA
JUL 11 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LAVA RECORDS, LLC, ET AL.** | **CIVIL ACTION NO. 05-1314** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JENNIFER ATES, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 33] filed by Plaintiffs Lava Records, LLC; Atlantic Recording Corporation; UMG Recordings, Inc.; Warner Bros. Records Inc.; and Arista Records, LLC against Defendant Matthew Ates. Defendant has filed no opposition to the motion.

For the following reasons, Plaintiffs' Motion for Summary Judgment is GRANTED.

## I. FACTS

The facts in this case are undisputed. Plaintiffs are engaged in the creation, manufacture, distribution and/or sale of sound recordings. In connection with their business, Plaintiffs generally enter into contracts with musical performers, so that Plaintiffs own the copyrights in the sound recordings featuring the performers or have exclusive reproduction and/or distribution rights under copyright in sound recordings featuring the performers.

Plaintiffs have identified and provided evidence that they own valid copyrights or have

the exclusive rights under copyright in twenty-five (25) registered sound recordings.[1]

[1]The sound recordings and their owners are as follows:

(1) Atlantic Recording Corporation, owner of sound recording number 303-764 by artist Tracy Lawrence on the album *Lessons Learned*;
(2) UMG Recordings, Inc., owner of sound recording number 278-184 by the artist George Strait on the album *Latest Greatest Strait Hits*;
(3) Warner Bros. Records, Inc., owner of sound recording number 288-402 by the artist Linkin Park on the album *Hybrid Theory*;
(4) Lava Records LLC, the owner of sound recording number 284-961 by artist Trans-Siberian Orchestra on the album *Beethoven's Last Night*;
(5) Arista Records, LLC, the owner of sound recording number 138-302 by artist Alan Jackson on the album *Don't Rock the Jukebox*;
(6) Arista Records, LLC, the owner of sound recording number 312-786 by artist Avril Lavigne on the album *Let Go*;
(7) Warner Bros. Records Inc., the owner of sound recording number 52-319 by artist Van Halen on the album *1984 (MCMLXXXIV)*;
(8) Arista Records LLC, the owner of sound recording number 302-233 by artist Adema on the album *Adema*;
(9) UMG Recordings, Inc., the owner of sound recording number 85-358 by artist Guns N Roses on the album *Appetite for Destruction*;
(10) UMG Recordings, Inc., the owner of sound recording number 293-376 by artist Godsmack on the album *Awake*;
(11) Warner Bros. Records Inc., the owner of sound recording number 316-958 by artist Disturbed on the album *Believe*;
(12) Warner Bros. Records Inc., the owner of sound recording number 135-276 by artist Red Hot Chili Peppers on the album *Blood Sugar Sex Magik*;
(13) Warner Bros. Records Inc., the owner of sound recording number 174-922 by artist Red Hot Chili Peppers on the album *Californication*;
(14) Warner Bros. Records Inc., the owner of sound recording number 246-538 by artist Goo Goo Dolls on the album *Dizzy Up the Girl*;
(15) Atlantic Recording Corporation, the owner of sound recording number 24-682 by artist Phil Collins on the album *Face Value*;
(16) Arista Records, LLC, the owner of sound recording number 147-716 by artist Alan Jackson on the album *Lot About Livin' (And a Little 'bout Love)*;
(17) UMG Recordings, Inc., owner of sound recording number 78-741 by the artist George Strait on the album *Ocean Front Property*;
(18) UMG Recordings, Inc., owner of sound recording number N8871 by the artist Lynyrd Skynyrd on the album *Pronounced Len'-nerd Skin'-nerd* (the song *Simple Man*);
(19) UMG Recordings, Inc., owner of sound recording number N8871 by the artist Lynyrd Skynyrd on the album *Pronounced Len'-nerd Skin'-nerd* (the song *Free Bird*);
(20) UMG Recordings, Inc., owner of sound recording number 146-421 by the artist George Strait on the album *Pure Country*;
(21) Atlantic Recording Corporation, the owner of sound recording number 303-757 by the artist P.O.D. on the album *Satellite*;
(22) UMG Recordings, Inc., owner of sound recording number 71-794 by the artist Bon Jovi on the

The copyrights to these sound recordings are registered with the United States Copyright Office.

Somewhere during the year 2000 or 2001, Defendant put an online media distribution system known as "KaZaA" on his mother's computer. While he was in high school, between the years of 2000 or 2001 and 2004, Defendant used the program to download or copy the twenty-five identified sound recordings to his mother's computer hard drive.[2] Defendant did not have Plaintiffs' authorization to copy or distribute any of their sound recordings.

## II. LAW AND ANALYSIS

### A. Unopposed Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material

---

album *Slippery When Wet*;

(23) UMG Recordings, Inc., owner of sound recording number 277-407 by the artist 3 Doors Down on the album *The Better Life*;

(24) UMG Recordings, Inc., owner of sound recording number 107-674 by the Artist Vince Gill on the album *When I Call Your Name*; and

(25) UMG Recordings, Inc., owner of sound recording number 190-152 by the artist Vince Gill on the album *When Love Finds You*.

[Doc. No. 33-5, p. 1 & 33-6, p. 1].

[2]Plaintiffs contend that Defendant downloaded hundreds of sound recordings, but they only seek recovery on the basis of the twenty-five identified sound recordings.

fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose it violates a local rule. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, when a nonmovant fails to provide a response identifying the disputed issues of fact, the court may accept the movant's description of the undisputed facts as prima facie evidence of its entitlement to judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1999); *NorDar Holdings, Inc. v. W. Sec. (USA) Ltd* ., No. 3:96-CV-0427-H, 1996 WL 39019, *2 (N.D. Tex. Dec. 18, 1996).

**B. Copyright Infringement**

The Copyright Act, 17 U.S.C. §§ 101, 106, 501-505 (2005), grants a copyright owner of a sound recording the exclusive rights to "reproduce the copyrighted work in copies or

phonorecords" and "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106(1) & (3).

In order to prevail on their copyright infringement claim, Plaintiffs must prove that (1) they own the copyrights in the sound recordings and (2) Defendant impermissibly copied those sound recordings or otherwise infringed upon their copyrights. *Quintanilla v. Texas Television Inc.* 139 F.3d 494, 500 (5th Cir. 1998) (citing *DSC Communications Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).

In this case, it is undisputed that Plaintiffs meet both requirements. Plaintiffs have provided summary judgment-appropriate evidence to show that they own the copyrights in the sound recordings in question, and Defendant has failed to rebut that evidence. Further, Defendant admitted in his deposition that he downloaded or copied the sound recordings without Plaintiffs' permission. [Doc. No. 33-7]; *see, e.g., BMG Music v. Gonzalez*, 430 F.3d 888, 893 (7th Cir. 2005) (upholding summary judgment where the defendant admitted to downloading copyrighted sound recordings over the Internet); *In re: Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) ("[M]aking . . . a digital copy of [copyrighted] music . . . infringes copyright."); *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) ("Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

Accordingly, there is no genuine issue of material fact for trial as to liability, and Plaintiffs are entitled to summary judgment in this matter.

**C. Damages**

Having found that Defendant is liable to Plaintiffs for copyright infringement, the Court

must also determine whether Plaintiffs have presented sufficient evidence to support their claim for damages as a matter of law.

With regard to damages, the Copyright Act provides as follows:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.[3] For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1).

In this case, Plaintiffs seek the minimum statutory damages of $750.00 per work in lieu of actual damages and profits. *See Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992) (In cases involving multiple infringements and multiple infringed works, "the total number of 'awards' of statutory damages . . . that a plaintiff may recover in any given action depends on the number of works that are infringed . . . regardless of the number of infringements of those works.").

If Plaintiffs sought more than the minimum statutory damages, then Defendant would be entitled to a jury trial on the amount. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).[4] However, if, as in this case, Plaintiffs seek only the minimum statutory amount,

---

[3]The statute further provides increased penalties for a "willful" infringement, *see* 17 U.S.C. § 504(c)(2), but Plaintiffs do not contend that Defendant acted willfully, nor could they based on Defendant's deposition testimony.

[4]In *Feltner*, the Supreme Court "discern[ed] no statutory right to a jury trial when a copyright owner elects to recover statutory damages," but held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id.* at 347-48.

then courts have routinely held that an award of $750.00 per work is appropriately awarded by summary judgment. *See BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) (Discussing *Feltner* and explaining that "cases under 504(c) are normal civil actions subject to the normal allocation of functions between judge and jury. When there is a material dispute of fact to be resolved or discretion to be exercised in selecting a financial reward, then either side is entitled to a jury"; but where plaintiffs seek only the minimum statutory amount, then summary judgment "is permissible."); *see also, e.g., Capitol Records v. Lyons*, No. Civ.A.3:03-CV-2018-L, 2004 WL 1732324 at *4 (N.D. Tex. Aug. 2, 2004)(Where defendant defaulted, his acts of infringement were deemed admitted and no hearing was necessary prior to an award of the minimum $750.00 per work). This Court agrees and finds that Plaintiffs are entitled to an award of $750.00 per work for a total statutory damage award in the amount of $18,750.00.

**D. Injunctive Relief**

Plaintiffs further seek a permanent injunction against Defendant to ensure that he does not again engage in infringement of their copyrights and an order requiring him to delete all infringing materials from his mother's computer.[5]

Pursuant to 17 U.S.C. § 502(a), the Court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." In determining whether to grant a request for permanent injunctive relief, the Court must consider "traditional equitable considerations." *See eBay Inc. v. MercExchange, L.L.C.*, 126 S.Ct. 1837, 1840 (2006) ("Like the Patent Act, the Copyright Act provides that courts 'may' grant injunctive

[5]Plaintiffs state that they seek an order requiring Defendant to delete the infringing materials from "his computer," but the evidence clearly provides that he downloaded the materials to his mother's computer.

relief 'on such terms as it may deem reasonable to prevent or restrain infringement of a copyright' . . . And as in our decision today, this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed.").

The Court has considered the four-factor test approved by the Supreme Court for determining injunctive relief: (1) whether Plaintiffs would face irreparable injury if the injunction did not issue, (2) whether Plaintiffs have an adequate remedy at law, (3) whether granting the injunction is in the public interest, and (4) whether the balance of the hardships tips in Plaintiffs' favor. *Id.* (The Supreme Court notes that the district court recited the traditional four-factor test in *Mercexchange, L.L.C. v. eBay, Inc.*, 275 F.Supp.2d 695, 711 (E.D. Va. 2003), but that neither the district nor appellate court properly applied the test). After consideration, the Court finds that a permanent injunction is appropriate because of the strong public interest in copyright protection; the need to prevent irreparable harm to Plaintiffs, which will not be remedied by a damage award that may or may not be collectible; and the need to deter future infringement by Defendant and others. *See BMG Music*, 430 F.3d 888 at 893 ("An injunction remains appropriate to ensure that the misconduct does not recur as soon as the case ends.). The Court further notes that the balance weighs strongly in favor of Plaintiffs where all that is requested is that Defendant comply with the Copyright Act.

Accordingly, Plaintiffs are entitled to a permanent injunction as follows:

> Defendant is permanently enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted sound recordings identified in this lawsuit and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' recordings"), including without

> limitation by using the Internet or any online media distribution system to reproduce or download any of Plaintiffs' recordings, to distribute or upload any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant must also destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

### E. Costs

Plaintiffs also seek recovery of court costs in the amount of $350.00 for filing fees and service of process. The Copyright Act provides for recovery of costs:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505; *see also A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Penn. 1990) (Section 505 authorizes recovery of costs to "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party.").

The Court finds that Plaintiffs have properly supported their request for reasonable court costs, and Defendant has not opposed their request. Thus, Plaintiffs are entitled to recover the amounts they seek.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment [Doc. No. 33] is GRANTED, and judgment is entered in favor of Plaintiffs and against Defendant. The Court

finds, as a matter of law, that Defendant Matthew Ates infringed Plaintiffs' copyrights in twenty-five (25) sound recordings in violation of the Copyright Act.

The Court further finds that statutory damages, injunctive relief, and costs should be ordered against Defendant. Defendant is required to pay statutory damages in the amount of $750.00 per recording, for a total award in the amount of $18,750.00, as well as Court costs in the amount of $350.00. Defendant is also permanently enjoined as set forth above.

MONROE, LOUISIANA, this 11 day of July, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE