**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and VIRGIN RECORDS AMERICA, INC., a California corporation, | Civil No. CA06-124ML |
| Plaintiffs, | Judge Mary M. Lisi |
| v. | |
| JOANNE KEOVONGSAVANG, | |
| Defendant. | |

Plaintiffs respectfully submit the following Statement of Undisputed Facts:

**UNDISPUTED FACTS**

1. Plaintiffs, Sony BMG Music Entertainment, Capitol Records, Inc., Arista Records LLC, and Virgin Records America, Inc. have authority to bring the above-entitled action pursuant to 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1338(a)(copyright). (Complaint ¶¶ 1-2).

2. Plaintiff Sony BMG Music Entertainment is a Delaware general partnership, with its principal place of business in the State of New York. (Compl. ¶ 4).

3. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. (Compl. ¶ 5).

4. Plaintiffs Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. (Compl. ¶ 6).

5. Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York. (Compl. ¶ 7).

6. Defendant Joanne Keovongsavang is an individual residing in this District at 561 Manville Rd., Woonsocket, RI 02895. (Compl. ¶ 8).

7. The Complaint in this matter alleges that the Defendant infringed copyrights belonging to the Plaintiffs. (Compl.) (17 U.S.C. §101 *et seq.*).

8. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public. (Compl. ¶ 11) (17 U.S.C. ¶ 106(1)).

9. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant. (Compl. ¶ 13) (Declaration of Jeffrey C. Blair, Request for Admissions attached as Exhibit A, Nos. 17-18 (hereinafter "Blair Decl., Ex. A, Nos. ___)).

10. None of the Plaintiffs ever authorized Defendant to copy or download onto a computer hard drive or to distribute any of Plaintiffs' Sound Recordings listed on Exhibit A to the Complaint. (See Blair Decl., Ex. A, No. 21).

11. Defendant used an online media distribution system to download and make available each of Plaintiffs' Sound Recordings listed on Exhibit A to Plaintiffs' Complaint. (See Blair Decl., Ex. A, Nos. 9, 11, 22, and 23.)

12. Defendant knowingly and willfully infringed the copyright in each of Plaintiffs' Sound Recordings listed on Exhibit A to Plaintiffs' Complaint when she downloaded them onto her computer. (See Blair Decl., Ex. A, Nos. 11, 12 and 22.)

13. Exhibit B to the Complaint is a true and correct copy of Defendant's share folder as it currently exists, or as it existed at any point during the preceding three years before the Complaint in this action was filed (*e.g.*, December 15, 2005). (See Blair Decl., Ex. A, No. 8.)

14. Plaintiffs registered the copyright in each of the Sound Recordings listed on Exhibit A to Plaintiffs' Complaint prior to the first date on which Defendant downloaded or made available such sound recording and furthermore, Plaintiffs own or control exclusive rights to the copyright in each of the Sound Recordings listed on Exhibit A to Plaintiffs' Complaint. (See Blair Decl., Ex. A, Nos. 13-16 and Ex. E).

15. Each copyright registration for each sound recording identified in Exhibit A to Plaintiffs' Complaint is valid. (See Blair Decl., Ex. A, Nos. 19-20.)

16. Defendant failed to answer Plaintiffs' Request for Admissions, which were properly served upon the Defendant on July 31, 2006. (See Blair Decl., ¶7.)

17. The minimum statutory damages is $4,500.00. (See 17 U.S.C. § 504(c)(1), Ex. A to the Complaint and Blair Decl., Ex. A, No. 11).

18. Costs are in the amount of $250.00 (See Docket Doc. No. 1).

.

Respectfully submitted this _13_ th Day of March, 2007,

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this _13_ th Day of March, 2007, a true and correct copy of Plaintiffs' Motion for Summary Judgment was sent to Defendant's counsel of records via U.S. Mail, postage pre-paid to the following address:

Richard H. James (RI Bar # 4874)
Kevin A. McKenna Law, P.C.
23 Acorn Street
Providence, RI 02915

/s/ James E. O'Neil
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs



#1228264 v1